The Honorable Bob McGinnis State Representative Route 3, Box 197 Marianna, Arkansas 72360
Dear Representative McGinnis:
This is in response to your request for an opinion construing the provisions of a loan agreement between the City of Moro and the Arkansas Department of Local Services. The loan was made from the Water, Sewer and Solid Waste Management Systems Fund, and was obtained by the city for the construction of a sewer. You indicate that the loan is now administered by the Arkansas Soil and Water Conservation Commission. The Commission has informed the city that payments on the loan must commence on September 1989. The city contends that it does not have to begin making payments until it has "surplus revenues" as defined in the loan agreement, and that currently it has no such funds.
Paragraph four of the loan agreement provides:
 Repayment of principal may be made by the grantee at any time, but repayment of principal and interest shall commence when surplus revenues equal or exceed an amount equal to the reserve requirement established in the primary Loan Agreement between the Farmers Home Administration of the United States Department of Agriculture and the grantee. Surplus revenues are deemed to be those funds available after expenses of operation, maintenance and debt service on the primary loan are paid and the reserve requirements on the primary loan are satisfied. The term of the Loan Agreement executed herein is deemed to be fifty years, and an appropriate repayment schedule shall be negotiated between the parties at such time as surplus revenues as defined herein become available for repayment.
We have not been provided with a copy of the primary loan agreement, but assuming that it contains no language which would require a different result, it is my opinion that the language cited above clearly provides that payments shall commence when a certain amount of "surplus revenues" are retained. Whether the city does indeed have the requisite amount of "surplus revenues" on hand is a question of fact which this office is unqualified to answer. Assuming that the city does not in fact have such revenues, it is my opinion that the city is not required to begin making payments in September 1989. It is also my opinion that the city is not required to make payments on this loan until such time as it does have "surplus revenues."
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.